**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-11207-BFK |
| | ) | Chapter 7 |
| **JEFFREY DANIEL WISMER** | ) | |
| | ) | |
| Debtor. | ) | |
| _____) | | |
| | ) | |
| **SHELLEY MOUNTJOY** | ) | **ADVERSARY COMPLAINT** |
| | ) | Adv. Proc. No. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY DANIEL WISMER** | ) | |
| | ) | |
| Defendant | ) | |
| _____) | | |

**CREDITOR SHELLEY MOUNTJOY'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)**

NOW COMES creditor and Plaintiff Shelley Mountjoy, by counsel, who files this Complaint for Non-dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) against the debtor and Defendant, Jeffrey Daniel Wismer, as follows:

**JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and (b)(2)(I) and (J), and 28 U.S.C. § 1334(a).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

4. This is a complaint pursuant to 11 U.S.C. § 523(a)(6), to determine the dischargeability of a debt owed by the Defendant to Plaintiff.

**FACTUAL ALLEGATIONS**

5. Both Plaintiff and Defendant are residents of the Commonwealth of Virginia.

6. On October 12, 2012, Plaintiff and Christopher Arntzen[1] jointly filed suit against Defendant in the Fairfax County Court, Case No. CL12-09756 (the "Fairfax suit"), alleging computer harassment, defamation and stalking. A copy of the First Amended Complaint in the Fairfax suit is attached hereto as *Exhibit A*.

7. On June 21, 2013, after a jury trial, a Final Order was entered in the Fairfax suit which granted judgment in favor of Plaintiff, and against Defendant, on Count I, for Computer Harassment, in the sum of $62,500.00 compensatory damages and $50,000.00 punitive damages, and on Count II, for defamation, in the amount of $92,500.00 compensatory damages and $100,000.00 punitive damages. A copy of said Final Order is attached hereto as *Exhibit B*.

8. Granted jury instructions in the Fairfax suit pertaining to Count I therein (Harassment by Computer), and to general and punitive damages pertaining to Count I, are collectively attached hereto as *Exhibit C*.

9. Granted jury instructions in the Fairfax suit pertaining to Count II therein (Defamation), and to general and punitive damages pertaining to Count II, are collectively attached hereto as *Exhibit D*.

10. With respect to Defendant's harassment of Plaintiff by computer and Defendant's defamation of Plaintiff, he acted out of retaliation and an intentional, express desire to destroy Plaintiff and smear her name.

11. Defendant filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on April 2, 2014, Case No. 14-11207-BFK herein ("Defendant's Chapter 7

---

[1] Plaintiff in Adversary Proceeding No. 14-01105-BFK herein.

bankruptcy case").

### CLAIM FOR RELIEF (Willful and Malicious Injury Pursuant to 11 U.S.C. § 523(a)(6))

12. Plaintiff restates and re-alleges the foregoing paragraphs.

13. Defendant used a computer network to communicate obscene, vulgar, profane, lewd, lascivious or indecent language, or to make any suggestion or proposal of an obscene nature, or to threaten any illegal or immoral act with the intent to coerce, intimidate or harass Plaintiff.

14. Plaintiff suffered damages as a result of Defendant's said use of a computer network, in accordance with the compensatory and punitive damages set forth in the Fairfax suit's Final Order.

15. By his said use of a computer network, Defendant intended to cause harm to Plaintiff.

16. By his said use of a computer network, Defendant purposely injured Plaintiff or acted with substantial certainty that injury would result.

17. By his said use of a computer network, Defendant willfully and maliciously intended to injure Plaintiff.

18. Defendant made defamatory statements about Plaintiff by making any one or more of the statements set forth in element (1) of Instruction No. 10 ("Defamation (Count II)") of *Exhibit D* herein.

19. Plaintiff suffered damages as a result of said defamatory statements, in accordance with the compensatory and punitive damages set forth in the Fairfax suit's Final Order.

20. By making said defamatory statements, Defendant intended to cause harm to Plaintiff.

21. By making said defamatory statements, Defendant purposely injured Plaintiff or acted with substantial certainty that injury would result.

22. By making said defamatory statements, Defendant willfully and maliciously intended to injure Plaintiff.

23. Accordingly, the total judgment amount of $305,000.00 should be ordered non-dischargeable in Defendant's Chapter 7 bankruptcy case and in any subsequent case filed by Defendant under the United States Bankruptcy Code.

**REQUEST FOR RELIEF**

WHEREFORE, your Plaintiff requests that this Honorable Court enter an order which finds that the judgment of the of the Fairfax County Circuit Court (Case No. CL12-9756) in favor of Plaintiff against the Defendant, Jeffrey Daniel Wismer, is non-dischargeable under 11 U.S.C. § 523(a)(6), and for all other and further relief as this Court deems just and proper.

Dated: January 20, 2015                            Respectfully Submitted,
                                                   SHELLEY MOUNTJOY
                                                   By counsel


/s/ Marc A. Busman   /s/ Kevin S. Jaros
_____
MARC A. BUSMAN, ESQ, VSB 13030
KEVIN S. JAROS, ESQ., VSB 65582
BUSMAN & BUSMAN, P.C.
P.O. Box 7514
Fairfax Station, Virginia 22039
(703) 503-8088 (Phone)
(703) 425-8487 (Facsimile)
mbusman@busmanandbusman.com
kjaros@busmanandbusman.com
*Counsel for Plaintiff*